Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 FEB -8 PM 3: 50

CLERK OF COURT

BY

IN THE SUPERIOR COURT OF GUAM

JESSE FRANKLIN TOVES,

Plaintiff,

vs.

ERLINDA CRUZ TOVES,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO. DM0669-09

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
AND INTERLOCUTORY JUDGMENT
OF DIVORCE

This matter came before the HONORABLE VERNON P. PEREZ on December 7, 2011 at an evidentiary hearing. Defendant appeared *pro se*. Attorney Ron Moroni represented Plaintiff. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Any finding of fact is also a conclusion of law. Any conclusion of law is also a finding of fact.

2. This matter arises out of a dissolved marriage between Plaintiff Jesse Franklin Toves (hereinafter "Plaintiff") and Defendant Erlinda Cruz Toves (hereinafter "Defendant"). Parties attempted to enter into a Marital Settlement Agreement (hereinafter "Agreement"), yet were unable to come to a final settlement. Parties have expressed an interest to incorporate the Agreement in the Interlocutory and Final Decree of Divorce but have asked to the Court to resolve any remaining issues[1].

3. There is also a Child Support Order in place put forth by the Honorable Linda Ingles. This Court will not disturb that order.

4. The desired Agreement will be respected by this Court except for the following. Plaintiff agrees to pay his share of any credit card debt and the dental and medical insurance

---

[1] The Court will attach the Marital Settlement Agreement provided by the parties and apply the provisions therein not inconsistent with these Findings of Fact and Conclusions of Law.

payments from November 2009 to February 2011. The total amount of half payments for these debts and payments are as follows. Plaintiff should pay $1,140.62 for previous insurance costs paid for by Defendant including both dental and medical insurance between November 2009 and February 2011. There are also three credit cards agreed to be community debt. Plaintiff owes half of the remaining balance of the Pentagon Federal Credit Union Credit Card which was opened and closed during the dates of the marriage and that amount is $4,916.50. *See* Exhibit A of Defendant's Civil Exhibit List. On that same PFCU Card, Plaintiff also owes half of the payments made on the card between July 2009 and September 2011 and that amount is $3,078.50. The total amount Plaintiff owes to the community for the PFCU Card is $7,995.00.

Plaintiff owes half of the remaining balance of the USAA Credit Card which was opened during the dates of the marriage and that amount is $4,718.50. *See* Exhibit B of Defendant's Civil Exhibit List. Plaintiff also owes half of the payments made from July 2009 to March 2010 and that amount is $825.00. The total amount of community debt owed by Plaintiff on the USAA Card is $5,543.50.

Plaintiff owes half of the remaining balance of the American Express Credit Card which was registered under Plaintiff's name and that amount is $3,389.00. *See* Exhibit D of the Defendant's Civil Exhibit List. Plaintiff also owes half the payments made on the American Express card between July 2009 and August 2010 and that amount is $1,160.00. The total amount of community debt owed by Plaintiff on the American Express Card is $4,549.00.

Plaintiff owes to the community the debts incurred during marriage and those debts were mentioned in the Agreement, yet, a definite number was never assigned to clarify Plaintiff's amount owed. This Court will find that Plaintiff owes $1,140.62 for medical insurance payments, $7,995.00 for the PFCU Card, $5,543.50 for the USAA Card and $4,549.00 for the American Express Card. All community debts have been shown by a preponderance of evidence to be true in Defendant's Civil Exhibit List. In addition, Plaintiff has agreed to pay these amounts by his own words at the Evidentiary Hearing for this matter on December 12, 2011 so that this divorce can be finished. The total amount owed by Plaintiff to the Defendant as his share of the community debts and insurance payments is $19,228.12. Plaintiff agreed to

pay what the Court finds as owed at the hearing in order to expedite this process. Plaintiff did not agree, however, to pay in one lump sum and will make reasonable payments over time on a monthly basis in addition to the Child Support Payments which was $400.00 per month as ordered in the Findings and Order Re: Child Support filed July 12, 2011 by the Honorable Linda Ingles. The Court orders Plaintiff to pay at least $600.00 a month for the above debts and insurance payments until paid in full unless the Parties can stipulate otherwise. Plaintiff can pay more than that amount but not less in order to make complete payment faster. Interest shall accrue at 6% per annum. This amount shall be incorporated into the Interlocutory and Final Divorce Decree. These Orders will only be added to the Agreement at Section 9, Subsection b as the defined amount discussed by that subsection.

## CONCLUSIONS OF LAW

5.     Plaintiff and Defendant have been residents of Guam for more than ninety (90) days in satisfaction of 19 GCA § 8318(a). This Court has jurisdiction pursuant to 7 GCA § 3105 and § 4101.

6.     The standard and law governing divorce is discussed in this section below. Separate property means property acquired by either spouse before marriage or after entry of a decree of dissolution of marriage. 19 GCA § 6101.  Property is classified as separate or community based upon when it is acquired. *Id.; In re Marriage of Moore*, 28 Cal.3d 366, 370 (Sup.Ct.Cal.1980); *Fisher v. Fisher*, 383 P.2d 840, 842–43 (Id.Sup.Ct.1963); *Hollingsworth v. Hicks*, 258 P.2d 724, 729–30 (N.M.Sup.Ct.1953); *Lawson v. Ridgeway*, 233 P.2d 459, 464 (Ariz.Sup.Ct.1951); *Smith v. Smith*, 685 So.2d 649, 651–52 (La.Ct.App.1st Cir.1996); *In re Marriage of Harrington*, 935 P.2d 1357, 1365 (Wash.App.Div.1 1997); and *Scott v. Estate of Scott*, 973 S.W.2d 694, 695–96 (Tex.App.El Paso 1998). Pursuant to the Guam Supreme Court's ruling in *Rinehart v. Rinehart*, enhancement to separate property or debt will allow the community to seek reimbursement for community funds contributed during the marriage towards that asset. *Rinehart v. Rinehart*, 2000 Guam 14, ¶¶19–21 (Sup.Ct.Guam 2000). The Supreme Court of Guam has extended the *Rinehart* ruling to apply to both assets and debt in *Navarro v. Navarro*, again holding that "absent proof of the enhancement of a spouse's separate property,

there should be no reimbursement to the community." *Navarro v. Navarro*, 2000 Guam 31, ¶16 (Sup.Ct.Guam 2000). The formula used by the Supreme Court of California grants the non-owning spouse a *pro tanto* community share in the *equity* or *capital appreciation* of the home as enhanced by community payments made to the principal owed on the mortgage, based on the real property's appraised value. *In re Marriage of Moore*, 28 Cal.3d 366, 370–71, 373–74 (Sup.Ct.Cal.1980).

The formula used to compute the community *pro tanto* share in the *Moore* case is called the Lucas/Aufmuth formula and requires the court to first determine the separate property percentage interest by crediting the separate property with the down payment and full amount of the loan or the original value of the contributed separate property, minus the amount by which the community payments reduced the principal balance of the loan. Under Guam law, community property is different than community debt. *Compare* 19 GCA § 6101 *with* 19 GCA § 6102. Loans acquired during a marriage constitute community debt. 19 GCA § 6102 states: "(b) *Community debt* means a debt contracted or incurred by either or both spouses which is not separate debt." The Supreme Court of Guam has determined that it is not the burden of the trial court to find or show valuation, that burden lies with the parties. *Navarro v. Navarro*, 2000 Guam 31, ¶9 (Sup.Ct.Guam 2000). As aptly stated by the Supreme Court of Guam, "[one party]" bore the burden of establishing the value of community property at trial, where he failed to provide or contest valuation, the trial court was well within its discretion to accept the values provided by [the opposing party]." Id. at ¶11. As stated by the *Moore* court, this method of using capital appreciation and equity best credits the amount given from separate property for the original contribution, and best credits the role the original separate asset played in creating the equity in the home/real property. *In re Marriage of Moore*, 28 Cal.3d 366, 374 (Sup.Ct.Cal.1980).

7. Under 19 GCA §8411(b) and *Sinlao v. Sinlao*, 2005 Guam 24, ¶23 (Sup.Ct.Guam 2005), the Court is required to strive to divide the community property equally between the parties whenever possible. In this case, the Court was presented with evidence of the existence of community property and community debt. The Court retains the obligation to attempt to

equally divide that property. The Parties have stipulated that the Agreement controls the assets of the marriage except for the items mentioned above in Section 4. The Parties have presented enough evidence that the Court finds the agreement to sufficiently dispose of the remaining assets and debts of the community. The Court is confident that all marital assets and debts have been disposed of and divided fairly in the Agreement and in accordance with the Orders put forth by this Court in Section 4 of these Findings of Fact and Conclusions of Law.

8. On evidence presented to the satisfaction of this Court, Plaintiff's Complaint, Divorce should be granted to Plaintiff on the basis of irreconcilable differences. It is ORDERED and DECREED as an Interlocutory Judgment that Plaintiff is entitled to Divorce from Defendant on the above stated grounds, with the Order provided herein and the Martial Settlement Agreement integrated and incorporated by reference herein. Within six(6) months of this Interlocutory Judgment, the Parties or the Court may move the Court to enter a Final Judgment granting divorce and restoring the Parties to the status of single persons, and permitting either Party to marry after the entry thereof.

9. This is not a final judgment of divorce, the Parties are still husband and wife and neither can remarry in Guam or anywhere else until a Final Judgment of Divorce is entered.

So ORDERED this 8th day of February, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

FEB 08 2012

Jerimia K.J. Duenas
Deputy Clerk Superior Court of Guam